UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FT. MYERS DIVISION

AMBER REYES, on her own behalf
and all similarly situated individuals,

     Plaintiff,

v.                                CASE NO.:

COLOSSEUM, LLC, a Florida
Limited Liability Company,
DAVID TOWNSEND, individually,
and LYNN PIPPENGER,
individually,

     Defendants.

_____/

## COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, AMBER REYES ("Plaintiff"), on behalf of herself and other employees and former employees similarly situated, by and through undersigned counsel, files this Complaint against Defendants, COLOSSEUM, LLC ("COLOSSEUM"), DAVID TOWNSEND ("DT"), individually, and LYNN PIPPENGER ("LP"), individually, (collectively, "Defendants") and states as follows:

## NATURE OF THE ACTION

1.    Plaintiff alleges on behalf of herself and other similarly situated current and former "Bartender" and/or "Server" employees of the Defendants, who elect to opt into this action, pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. §§ 206, that they are: (i) entitled to minimum wages from Defendants for work they performed, for which Defendants failed to compensate them at a rate of at least minimum wage; (ii) entitled to liquidated damages pursuant to the FLSA, 29 U.S.C. §§201 et seq; (iii) declaratory relief pursuant to 28 U.S.C. §2201; and (iv) entitled to attorneys' fees and costs.

2.     Plaintiff further complains on behalf of herself, and a class of other similarly situated current and former "Bartender" and/or "Server" employees of the Defendants, pursuant to Fed.R.Civ.P.23, that they are entitled to back wages from Defendants for hours of work for which they did not receive at least the Florida minimum wage for all hours worked, in violation of Article X, Section 24 of the Florida Constitution ("Florida Minimum Wage Claims").

## JURISDICTION

3.     Jurisdiction in this Court is proper as the claims are brought pursuant to the Fair Labor Standards Act, as amended (29 U.S.C. §201, et seq., hereinafter called the "FLSA") to recover unpaid minimum wages, as well as an additional equal amount as liquidated damages, obtain declaratory relief, and recover reasonable attorney's fees and costs.

4.     The jurisdiction of the Court over this controversy is based upon 29 U.S.C. §216(b).

5.     This Court has the authority to grant declaratory relief pursuant to the FLSA and the Federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

6.     This Court has jurisdiction over the Florida Minimum Wage Claims pursuant to 28 U.S.C. §1367, because the acts and omissions that give rise to Plaintiff FLSA claims are the same acts and omissions that give rise to Plaintiff's Florida Minimum Wage Claims.

7.     Venue is proper in this Court because Plaintiff resides within the District and Defendants maintain business operations within the District.

## PARTIES

8.     At all times material hereto, Plaintiff was, and continues to be a resident of

Lee County, Florida.

9.     At all times material hereto COLOSSEUM was a Florida Limited Liability Company.  Further, at all times material hereto, COLOSSEUM was engaged in business in Florida, with a principle place of business in Lee County, Florida.

10.     At all times material hereto COLOSSEUM did business as "Dixie Roadhouse," a country themed dance club/bar offering nightly dancing lessons.

11.     At all times material hereto, Plaintiff was "engaged in commerce" within the meaning of §6 and §7 of the FLSA.

12.     At all times material hereto, DT was and continues to be a resident of Lee County, Florida.

13.     At all times material hereto, LP was and continues to be a resident of Lee County, Florida.

14.     At all times material hereto, DT owned and operated COLOSSEUM.

15.     At all times material hereto, LP owned and operated COLOSSEUM.

16.     At all times material hereto, DT regularly held and/or exercised the authority to hire and fire employees of COLOSSEUM.

17.     At all times material hereto, DT regularly held and/or exercised the authority to hire and fire employees of COLOSSEUM.

18.     At all times material hereto, DT regularly held and/or exercised the authority to determine the work schedules for the employees of COLOSSEUM.

19.     At all times material hereto, LP regularly held and/or exercised the authority to determine the work schedules for the employees of COLOSSEUM.

20.     At all times material hereto, DT regularly held and/or exercised the authority control the finances and operations of COLOSSEUM.

3

21.     At all times material hereto, LP regularly held and/or exercised the authority control the finances and operations of COLOSSEUM.

22.     By virtue of having held and/or exercised the authority to: (a) hire and fire employees of COLOSSEUM; (b) determine the work schedules for the employees of COLOSSEUM; and (c) control the finances and operations of COLOSSEUM, DT is an employer as defined by 29 U.S.C 201 *et. seq.*

23.     By virtue of having held and/or exercised the authority to: (a) hire and fire employees of COLOSSEUM; (b) determine the work schedules for the employees of COLOSSEUM; and (c) control the finances and operations COLOSSEUM; LP is an employer as defined by 29 U.S.C. 201 et. seq.

## COVERAGE

24.     At all times material hereto, Plaintiff was an "employee" of Defendants within the meaning of FLSA.

25.     At all times material hereto, Defendants were the "employers" within the meaning of FLSA.

26.     Defendants were, and continue to be, "employers" within the meaning of FLSA.

27.     At all times material hereto, Defendants were, and continue to be, an "enterprise engaged in commerce" within the meaning of FLSA.

28.     At all times material hereto, Defendants were, and continue to be, an enterprise engaged in the "production of goods for commerce" within the meaning of the FLSA.

29.     Based upon information and belief, the annual gross revenue of Defendant was in excess of $500,000.00 per annum during the relevant time periods.

4

30.     At all times material hereto, Defendants had two (2) or more employees handling, selling, or otherwise working on goods or materials that had been moved in or produced for commerce.  Specifically, Defendants had two (2) or more employees handling money, glassware, dishes, silverware, dish detergent, and other goods and materials, on a regular basis, as part of their duties.

31.     At all times material hereto, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA.

32.     At all times material hereto, Plaintiff was "engaged in commerce" by virtue of her regular completion of interstate credit card transactions, and acceptance of shipments from outside the State of Florida among other things.

33.     At all times material hereto, Plaintiff was engaged in the "production of goods for commerce" and subject to the individual coverage of the FLSA.

34.     At all times material hereto, the work performed by the Plaintiff was directly essential to the business performed by Defendants.

## STATEMENT OF FACTS

35.     On or about September of 2011, Defendants hired Plaintiff to work as a non-exempt "Bartender."

36.     From at least September of 2011 and continuing through October of 2013, Defendants failed to pay Plaintiff at least federal minimum wage for all weeks worked.

37.     Specifically, throughout her employment with Defendants, Defendants purported to take the tip-credit with respect to Plaintiff and all similarly situated employees, despite the fact that Defendants were not entitled to take such tip-credit, due to the fact that Defendants impermissibly retained a portion of all Servers' tips for all hours worked and/or distributed same to employees not eligible to share in a tip pool.

38.     Defendants have violated Title 29 U.S.C. §§ 206 and Article X, Section 24 of the Florida Constitution from September 2011 and continuing to date, in that:

  a.  No payments, or insufficient payments and/or provisions for payment, have been made by Defendants to properly compensate Plaintiff and those similarly situated to Plaintiff at a rate equal to the applicable to the Federal or Florida Minimum Wage, for all weeks/hours worked, as required by Article X, Section 24 of the Florida Constitution; and

  b.  Defendants have failed to maintain proper time records as mandated by the FLSA.

39.     Plaintiff has retained the law firm of MORGAN & MORGAN, P.A. to represent Plaintiff in the litigation and has agreed to pay the firm a reasonable fee for its services.

## COLLECTIVE ACTION ALLEGATIONS

40.     Plaintiff and the class members were all "Bartenders" or "Servers" and performed the same or similar job duties as one another in that they served Defendants patrons food and beverages.

41.     Plaintiff and the class members were subjected to the same pay provisions in that they were all hourly-paid, but Defendants impermissibly took the tip credit with respect to their hourly wages, despite the fact that Defendants were not allowed to do so.

42.     Defendants were not entitled to take the tip credit with respect to Plaintiff and the class members, because Defendants illegally retained a portion of all tips earned by Plaintiff and the class members, and/or distributed same to employees not eligible to share in such tips.

43.     The result of Defendants' illegal retention of the tips of Plaintiff and the class members was a failure to pay Plaintiff and the class members the required minimum wages due under the FLSA.

44.     Defendants' failures in this regard resulted from a common policy or practice wherein Defendants illegally retained a portion of all of their Servers' tips.

45.     Defendants also had a common practice, to which Plaintiff and those similarly situated were subjected, whereby Defendants intentionally under recorded/underreported their hours, resulting in sub-minimum wages and/or unpaid overtime wages in the vast majority of their work weeks.

46.     These policies or practices were applicable to Plaintiff and the class members.  Application of these policies or practices does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit.  Rather, the same policies or practices which resulted in the non-payment of minimum wages to Plaintiff applied and continues to apply to all class members.  Accordingly, the class members are properly defined as:

> **All "Bartenders" or "Servers" who worked for Defendants within the last three years who were not compensated at the required minimum wage and/or overtime rates due under the FLSA.**

47.     Defendants knowingly, willfully, or with reckless disregard carried out its illegal pattern or practice of failing to pay minimum wages with respect to Plaintiff and the class members.

48.     Defendants did not act in good faith or reliance upon any of the following in formulating its pay practices: (a) case law, (b) the FLSA, 29 U.S.C. § 201, *et seq.*, (c) Department of Labor Wage & Hour Opinion Letters or (d) the Code of Federal Regulations.

49.     Defendants have acted willfully in failing to pay Plaintiff and the class members in accordance with the law.

50.     Defendants have failed to maintain accurate records of Plaintiff's and the class members' work hours in accordance with the law.

## CLASS ALLEGATIONS

51.     Plaintiff sues on her own behalf and on behalf of a class of persons under Rules 23(a), (b)(2) and (b)(3) of the Federal Rules of Civil Procedure.

52.     Plaintiff brings her Florida Minimum Wage Claims on behalf of all persons who were employed by Defendants at any time since January 2009, to the entry of judgment in this case (the "Class Period"), who were "Bartender" or "Server" employees and who have not been paid at least the applicable Florida Minimum Wage for hours worked, as required, in violation of Article X, Section 24 of the Florida Constitution (the "Class").

53.     The persons in the Class identified above are so numerous that joinder of all members is impracticable.  Although the precise number of such persons is unknown, and the facts on which the calculation of that number are presently within the sole control of the Defendants, upon information and belief, there are between 100 and 250 members of the Class during the Class Period.

54.     The claims of Plaintiff are typical of the claims of the Class, and a class action is superior to other available methods of fair and efficient adjudication of the controversy - - particularly in the context of wage and hour litigation where individual plaintiffs lack the financial resources to vigorously prosecute a lawsuit in federal court against corporate defendants.

55.     The Defendants have acted or refused to act on grounds generally applicable to the class, thereby making appropriate final injunctive relief or corresponding declaratory

8

relief with respect to the class as a whole.

56.     Specifically, Defendants illegally retained a portion of all of their Bartenders' and Servers' tips, and/or failed to report/record/compensate the class for all hours of their work.

57.     Application of these policies or practices does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit.  Rather, the same policies or practices which resulted in the non-payment of minimum wages to Plaintiff applied and continues to apply to all class members.  Accordingly, the class members are properly defined as:

> **All "Bartenders" or "Servers" who worked for Defendants within the last five (5) years who were not paid at least the Florida Minimum Wage in one or more workweeks.**

58.     Plaintiff is committed to pursuing this action and has retained competent counsel experienced in employment law and class action litigation.

59.     Plaintiff has the same interests in this matter as all other members of the class and Plaintiff's claims are typical of the Class.

60.     There are questions of law and fact common to the Class which predominates over any questions solely affecting the individual members of the Class, including but not limited to:

      a.   whether the Defendants employed the members of the Class within the meaning of Article X, Section 24 of the Florida Constitution;

      b.   whether the Defendants failed to keep true and accurate time records for all  hours worked by Plaintiff and members of the Class;

      c.   what proof of hours worked is sufficient where employers fail in their duty to maintain time records;

d. whether Defendants illegally and impermissibly retained a portion of their Servers' tips, thus rendering Defendants unable to take the tip credit with regard to their Servers;

e. whether Defendants failed and/or refused to pay the members of the Class at least the Florida Minimum Wage for certain hours worked each week;

f. whether the Defendants are liable for all damages claimed hereunder, including but not limited to, costs, disbursements and attorney's fees; and

g. whether the Defendants should be enjoined from such violations of Article X, Section 24 of the Florida Constitution in the future.

## COUNT I-RECOVERY OF MINIMUM WAGES (FLSA)

61.    Plaintiff reincorporates and readopts all allegations contained within Paragraphs 1-60 above.

62.    Plaintiff was entitled to be paid the applicable federal/Florida minimum wage for each workweek Plaintiff worked during Plaintiff's employment with Defendants. *See* 29 C.F.R. 778.5.

63.    Defendants failed to pay Plaintiff the applicable minimum wage for each workweek Plaintiff worked for Defendants.

64.    Plaintiff has demanded proper compensation for one or more weeks of work with Defendants, but Defendants have refused and/or failed to compensate Plaintiff for same.  As a result of Defendants' actions in this regard, Plaintiff has not been paid the applicable minimum wage during one or more weeks of her employment with Defendants.

65.    Defendants had specific knowledge that they were paying sub-minimum wages to Plaintiff, but still failed to pay Plaintiff at least minimum wages.

66.     Defendants willfully failed to pay Plaintiff the federal minimum wage for one or more weeks of work contrary to 29 U.S.C. § 206.

67.     As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff has been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

## COUNT II- RECOVERY OF MINIMUM WAGES
### (Florida Constitution)

68.  Plaintiff, on behalf of himself and all others similarly situated, realleges and incorporates by reference the allegations contained in paragraphs 1 through 60 above as if fully set forth herein.

69.  Plaintiff, and those similarly situated employees, are/were entitled to be paid minimum wages for each week worked during employment with Defendants.

70.  Plaintiff, and those similarly situated employees, were not paid the proper minimum wage, pursuant to Article X, Section 24 of the Florida Constitution.

71.  Defendants willfully failed to pay Plaintiff, and those similarly situated employees, minimum wages for one or more weeks during Plaintiff's employment contrary to Article X, Section 24 of the Florida Constitution.

72.  As a direct and proximate result of Defendants' deliberate underpayment of wages, Plaintiff, and those similarly situated employees, have been damaged in the loss of minimum wages for one or more weeks of work with Defendants.

73.  Plaintiff is entitled to an award of damages in an amount equal to the relevant Florida minimum wage and an equal amount as liquidated damages.

74.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs, pursuant to Article X, Section 24 of the Florida Constitution.

75.     Plaintiff demands a trial by jury.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in her favor against Defendants:

a.  Certification of this action as a class action pursuant to Fed. R. Civ. P. 23(b)(2) and (3) on behalf of the members of the Class and appointing Plaintiff and her counsel to represent the Class;

b.  Designation of this action as a collective action on behalf of the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b) to all similarly situated members of an FLSA Opt-In Class, appraising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual Consents to Sue pursuant to 29 U.S.C. §216(b) and appointing Plaintiff and her counsel to represent the Collective Action members;

c.  Declaring, pursuant to 29 U.S.C. §§2201 and 2202, that the acts and practices complained of herein are in violation of the maximum hour and minimum wage provisions of the FLSA;

d.  Awarding Plaintiff minimum wages in the amount due to her for Plaintiff's time worked in each work week;

e.  Awarding Plaintiff liquidated damages in an amount equal to the minimum wages award;

f.  Awarding Plaintiff reasonable attorney's fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b) and/or Article X, Section 24 of the Florida Constitution;

g.  Awarding Plaintiff pre-judgment interest;

h. Granting Plaintiff an Order, on an expedited basis, allowing her to send Notice of this action, pursuant to 216(b) and/or FRCP 23, to those similarly situated to Plaintiff; and

i. Ordering any other further relief the Court deems just and proper.

### JURY DEMAND

Plaintiff demands trial by jury on all issues so triable as a matter of right by jury.

DATED this 16th day of May, 2014.

Respectfully submitted,

**Andrew R. Frisch, Esq.**
Florida Bar No. 27777
MORGAN & MORGAN
600 N. Pine Island Rd., Ste. 400
Plantation, FL 33324
Tel: 954-318-0268
Fax: 954-333-3515
E-mail: afrisch@forthepeople.com

*Trial Counsel for Plaintiff*