IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMBER REYES, on her own behalf
and all similarly situated individuals,

    Plaintiff,

vs.                                      CASE NO.: 2:14-cv-286-FtM-30DNF

COLOSSEUM, LLC, a Florida
Limited Liability Company,
DAVID TOWNSEND, individually;
and LYNN PIPPENGER,
individually.

    Defendants.
_____/

**DEFENDANTS' MOTION TO COMPEL PLAINTIFF TO SUPPLEMENT
ANSWERS TO COURT'S INTERROGATORIES**

Defendants, COLOSSEUM, LLC, a Florida Limited Liability Company, DAVID TOWNSEND, individually; and LYNN PIPPENGER, individually, pursuant to Rules 1 and 37 of Federal Rules of Civil Procedure (2014) and this Court's Scheduling Order, file this motion and state:

1. In response to the Court's FLSA Scheduling Order and the Court's Interrogatories to Plaintiff, Plaintiff has filed conclusory, conflicting, confusing and incomplete answers which fail to identify the basis for her claims of off-the-clock unpaid wages and which fail to identify the amount of attorney's fees and costs associated with her claims. Plaintiff's refusal to identify the basis for her claims of unpaid wages and her refusal to identify the amount of attorney's fees costs that make up her claim

prevent Defendants from properly investigating her claims and unnecessarily extends this litigation thereby increasing the amount of expended attorney fees and costs.

<u>Plaintiff's Incomplete and Conflicting Responses</u>

2. As directed in the Court's Scheduling Order, prior to August 19, 2014 Defendants provided Plaintiff's counsel with all pay and time records in their possession covering the entire period of Plaintiff's employment (September 2011 through October 2013). Despite having been provided all payroll and time records, Plaintiff now claims that "Without reviewing all my pay and time records, which are currently in Defendants' possession, I cannot specify the exact amount I was paid versus the amount I am claiming." (Doc. 24-1, ¶ 7(d)) Plaintiff provided the same unresponsive answer regarding the total amount of her claim, stating " Without reviewing all my pay and time records, which are currently in Defendants' possession, I cannot specify the exact amount I'm owed." (Doc. 24-1, ¶ 7(e)) Despite being in possession of her pay and time records for approximately twenty (20) days prior to filing her answers to the Court's Interrogatories, Plaintiff has failed to provide an accounting of the amount she was paid versus the amount she believes she is owed and has failed to specifically identify the total amount of her claim.

3. Instead of providing an "accounting" of her claim, Plaintiff merely claims she worked "between 35 - 40 per week" and fails to provide dates that she claims to have worked "off the clock," providing instead a date rage that includes her entire period of employment with Defendants. (Doc. 24-1, ¶¶ 7 (a (b))

4.      Plaintiff indicates that the nature of her claim is off-the-clock work only and is not advancing a claim for unpaid overtime. (Doc. 24-1, ¶ 6  and ¶ 7 ( c).

5.      Plaintiff claims that she is owed back wages for off-the-clock work but does not specify whether this off-the-clock work was work she performed before the start of her regularly scheduled work shift, after her regularly schedule work shift or was work she performed on dates when does not appear on the work schedule at all. Additionally Plaintiff fails to identify what the nature of the work was she was doing during these unpaid off-the-clock hours.  Defendants' desire to understand Plaintiff's claims so that they might properly investigate and evaluate them.  Plaintiff's vague and incomplete answers to the Court's interrogatories provide little insight into the nature or basis of plaintiff's claims.

6.      Plaintiff claims that she is owed unpaid wages for "mandatory attendance at monthly meetings" yet fails to identify the dates these meetings took place so as to allow Defendants to investigate and defend this vague and conclusory claim. (Doc. 24-1, ¶ 7 (d)).

7.       After identifying the nature of her claim as "off-the-clock work," Plaintiff then later  claims "However, I estimate I am owed approximately $8,332.80 in unpaid wages sought for Defendant's tip pool violation,..." (Doc. 24-1, ¶ 7 (e)).  This answer conflicts with the answer provided in response to paragraph 6 and provides a very specific dollar amount claim without providing dates or any supporting information that would allow Defendant's to evaluate or defend this conclusory and conflicting claim.

Claims for off-the-clock work and claims for tip pool violations are vastly different claims that, if true, would be based on different sets of facts.  As

8. Plaintiff claims that she does "not know how much in fees and costs are due to my counsel as I do not have personal knowledge of this information." This answer fails to respond to the Court's demand that Plaintiff "specify all attorney's fees and costs incurred to date." (Doc. 24-1, ¶ 9). Plaintiff' claims includes a demand for payment of her attorney's fees and costs, therefore Defendants' have the right to know what those Attorney's fees and costs are to date.  Failure to provide this information limits the Defendants' ability to evaluate the claims for possible settlement and unnecessarily prolongs the litigation.

9. Plaintiff claims to have first complained to Defendants about her unpaid off-the-clock work in June 2013. Plaintiff cites a response she received from Defendants's after complaining of her unpaid off-the-clock work yet the response she has included in her answers to the Court's Interrogatories is not a response that fits with a complaint for unpaid off-the-clock wages.  Plaintiff represents that in response to complaint of unpaid off-the-clock work, she was told "work more hours and make more tips or don't work and make no tips." This cited response is confusing and seems to be unrelated to Plaintiff's alleged complaints about unpaid off-the-clock work. Additionally Plaintiff fails to specify who made this statement to her. (Doc. 24-1, ¶¶ 10 and 12)

10. Defendants need answers to the following questions to understand and evaluate Plaintiff's claim and engage in meaningful settlement discussions:

> A. What are the specific work weeks Plaintiff worked off-the-clock and was not paid?
>
> B. What is the basis for Plaintiff's claim for tip pool violations and in what specific weeks did these violations occur? Specifically who is it Plaintiff believes improperly shared in the tip pool?
>
> C. What is the basis for Plaintiff's calculation of the value of her $ 8,332.80 claim for unspecified tip-pool violations?"
>
> D. Specifically, to whom did Plaintiff complain about her unpaid off-the-clock work in June 2013?
>
> E. What was the nature of Plaintiff's off-the-clock work? (I.e. pre-shift work, post-shift work or work she performed on non-scheduled work days)
>
> F. What type of work does Plaintiff claim she was performing during the unpaid off-the-clock work hours that she identifies in her claim?
>
> G. What is the amount of attorneys's fees and costs Plaintiff she is seeking recovery of to date?
>
> H. What are the dates of the mandatory meetings Plaintiff claims to have attended for which she claims to have been unpaid?

WHEREFORE, Defendants respectfully request this Court to compel Plaintiff to supplement her Answers to the Court's Interrogatories by providing the

information requested in ¶ 10 of this Motion within **ten (10)** days of the Court's Order and grant such other relief as this Court deems just and proper.

## MEMORANDUM OF LAW

Pursuant to this Court's inherent authority and Federal Rule of Civil Procedure 37, this Court should compel "an evasive or incomplete disclosure, answer, or response [which] must be treated as a failure to disclose, answer, or respond." See Fed.R.Civ.P. 37(a)(4). This Court's Scheduling Order is tailored to facilitate the just, speedy, and inexpensive administration of justice in a FLSA case where the plaintiff's wages due can be de minimis while the attorney fees for both parties are significant. See Rules 1 and 16, Fed.R.Civ.P; see also Mitchell v. Sammy's Inv., LLC, 2007 WL 1549238 (M.D. Fla.), Slip Copy ("This is one of a plethora of cases filed in this division of the Court in which plaintiffs initially contend that they have significant wages due to them under the FLSA, only to resolve the case for a de minimis amount to the plaintiffs but a significant payment of attorney's fees.").

Here, Plaintiff's evasive, incomplete, confusing and internally conflicting answers frustrate the purpose of the Court's Scheduling Order and unnecessarily increase litigation and the amount of attorney fees and costs. In particular, Plaintiff has provided no meaningful information to allow Defendants to understand and evaluate the claim. In order to have a thorough, detailed and meaningful conference as required by this Court's Scheduling Order, Plaintiff needs to supplement and clarify her answers.

As the requested information will facilitate early and just resolution of this case, Defendants have established good cause for the relief requested in this Motion.

## CERTIFICATE OF CONFERENCE

Pursuant to Local Rule 3.01(g), I HEREBY CERTIFY that I have conferred with counsel for Plaintiffs, and counsel does not agree with this motion.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that on this 21st day of November, 2014 I filed the foregoing with the Clerk of the Court using the CM/ECF system which will automatically send a notice to the following counsel for Plaintiff: Amanda Kayfus, 600 North Pine Island Road, Suite 400, Plantation, Florida 33324.

Respectfully submitted,

s/Jim Brantley
Paul A. Donnelly, Trial Counsel
Florida Bar No. 813613
paul@donnellygross.com
James Brantley
Florida Bar No. 0068294
jim@donnellygross.com
Donnelly + Gross
2421 NW 41st Street, Suite A-1
Gainesville, FL 32606
Telephone: (352) 374-4001
Facsimile: (352) 374-4046

Counsel for Defendants