UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

AMBER REYES, on her own behalf and all
similarly situated individuals,

    Plaintiff,

v.                                    Case No:  2:14-cv-286-FtM-38DNF

COLOSSEUM, LLC, a Florida limited
liability company, DAVID TOWNSEND,
individually, and LYNN PIPPENGER,
individually,

    Defendants.

## ORDER

This cause is before the Court on the Motion to Compel Plaintiff to Supplement Answers to Court's Interrogatories (Doc. 28) filed by Defendants Colosseum, LLC, David Townsend and Lynn Pippenger on November 21, 2014.  Plaintiff Amber Reyes filed a Response in Opposition to Defendants' Motion to Compel Plaintiff to Supplement Answers to Court's Interrogatories (Doc. 30) on December 5, 2014.  For the reasons explained below, the Court finds that Defendants' motion is due to be **DENIED**.

This is a Fair Labor Standards Act ("FLSA") case involving a claim for off-the-clock work.  On July 30, 2014, the Court entered a Scheduling Order (Doc. 21) which directed Plaintiff to answer the Court's Interrogatories (attached to the Scheduling Order) under oath or penalty of perjury by September 9, 2014.  On September 9, 2014, Plaintiff served her answers to the Court's Interrogatories.

Defendants are now arguing that Plaintiff's answers are conclusory, conflicting, confusing, and incomplete.  Defendants contend that these responses fail to identify the basis for

her claims of off-the-clock unpaid wages and fail to identify the amount of attorney's fees and costs associated with Plaintiff's claims.  Defendants argue that this failure is preventing them from properly investigating Plaintiff's claims and is unnecessarily extending this litigation thereby increasing the amount of expended attorney fees and costs.  Defendants request the Court to require Plaintiff to answer the following questions:

   A. What are the specific work weeks Plaintiff worked off-the-clock and was not paid?
   B. What is the basis for Plaintiff's claim for tip pool violations and in what specific weeks did these violations occur?  Specifically who is it Plaintiff believes improperly shared in the tip pool?
   C. What is the basis for Plaintiff's calculation of the value of her $8,332.80 claim for unspecified tip-pool violations?"
   D. Specifically, to whom did Plaintiff complain about her unpaid off- the-clock work in June 2013?
   E. What was the nature of Plaintiff's off-the-clock work? (I.e. pre-shift work, post-shift work or work the performed on non-scheduled work days)
   F. What type of work does Plaintiff claim she was performing during the unpaid off-the-clock work hours that she identifies in her claim?
   G. What is the amount of attorneys's fees and costs Plaintiff she is seeking recovery of to date?
   H. What are the dates of the mandatory meetings Plaintiff claims to have attended for which she claims to have been unpaid?

(Doc. 28 p. 5).

Plaintiff responds that she answered each and every one of the Court's Interrogatories completely based upon the information available to her at the time and, therefore, Defendants' motion should be denied in its entirety.  Plaintiff argues that Defendant will have a full opportunity to obtain the information it seeks via deposition and written discovery once this case enters the discovery phase.

In this case, the Court finds it appropriate to deny Defendants' requests to have Plaintiff answer the additional questions outlined in Defendants' motion to compel. These questions seek information beyond what is necessary for the Plaintiff to provide in response to the Court's Interrogatories. Thus, the Court agrees with Plaintiff that these requests should be brought during the discovery process in the event discovery is necessary in this case. The Court has reviewed Plaintiff's answers to the Court's Interrogatories and finds that, while imperfect, they are sufficient. Accordingly,

**IT IS HEREBY ORDERED:**

Defendants' Motion to Compel Plaintiff to Supplement Answers to Court's Interrogatories (Doc. 28) is **DENIED**.

**DONE** and **ORDERED** in Fort Myers, Florida on December 19, 2014.

*[signature]*
DOUGLAS N. FRAZIER
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Counsel of Record
Unrepresented Parties